# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
Filed: April 21, 2020
Not For Publication

```
* * * * * * * * * * * * *  *
VALERIE SLOAN,              *   No. 19-514V
                            *
         Petitioner,        *   Special Master Sanders
                            *
v.                          *
                            *
SECRETARY OF HEALTH         *   Dismissal; Failure to Prosecute; Human
AND HUMAN SERVICES,         *   Papilloma Virus ("HPV") Vaccine;
                            *   Premature Ovarian Insufficiency
         Respondent.        *
* * * * * * * * * * * * *  *
```

## DISMISSAL[1]

On April 8, 2019, Valerie Sloan ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program" or "Program").[2] Pet. at 1, ECF No. 1; 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that she developed "injuries, including [p]rimary ovarian insufficiency/infertility" as a result of the human papilloma virus ("HPV") vaccines she received on January 17, 2007, March 21, 2007, and July 23, 2007. Pet. at 1. Along with her petition, Petitioner submitted medical records that were comingled with those of family members with similar claims in the Vaccine Program. *See* Pet'r's Exs. 5–6, ECF Nos. 1-6–1-7.

On April 23, 2019, I held an initial status conference with the parties to help Petitioner better understand the requirements to bring a claim in the Vaccine Program. *See* Min. Entry, docketed Apr. 24, 2019. After the conference, I provided Petitioner with website links to publicly available decisions in the Vaccine Program and encouraged her to review those materials with an

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorney. ECF No. 9 at 1. I also ordered her to file a status report indicating how she wished to proceed by June 24, 2019. *Id.* at 2.

On May 10, 2019, Petitioner submitted a document entitled a "statement of completion." *See* ECF No. 10 at 1. In a subsequent order, I explained to Petitioner that any previous deadline, such as the deadline to file medical records and a statement of completion contained in my initial order, was superseded by the status report deadline I set in my April 24, 2019 order. *Id.* I further explained that, for Petitioner to be in compliance, she "must file a status report indicating how she wishe[d] to proceed by no later than June 24, 2019." *Id.*

On June 28, 2019, Petitioner filed a motion for extension of time to submit additional medical records. ECF No. 12. Petitioner indicated in her motion that she needed additional time "[d]ue to [a] difficult family situation and the lack of legal support . . .." *Id.* Petitioner requested until December 31, 2019, to submit additional records. *Id.* I denied Petitioner's request for two reasons. *See* ECF No. 13 at 1. First, Petitioner had no outstanding deadline to file medical records. Second, her motion requested additional time to file medical records instead of additional time to file a status report, and therefore did not comply with the filing instructions contained in my April 24, 2019 order. *Id.* However, because Petitioner indicated that she was making her request because of a lack of legal support, I read her request for additional time as indicating her intention to continue *pro se*. *Id.* I set a new deadline of September 9, 2019, for Petitioner to submit additional records and a proper statement of completion. *Id.* at 2. I further explained to Petitioner that, if she did not comply with this deadline, I would issue a show cause order. *Id.*

Petitioner did not meet her deadline. On September 19, 2019, I issued a show cause order giving Petitioner a final opportunity to submit medical records and a statement of completion by November 4, 2019, or I would dismiss her case. ECF No. 14 at 2. Petitioner filed medical records and a statement of completion on November 1, 2019. *See* ECF Nos. 16–17. Thereafter, I ordered Respondent to file his Rule 4(c) report or other appropriate motion by February 3, 2020. ECF No. 18.

On February 3, 2020, Respondent filed a motion to dismiss Petitioner's case. *See* Resp't's Mot. to Dismiss, ECF No. 20. I issued an order on February 6, 2020, giving Petitioner until February 28, 2020, to file a response to Respondent's motion. ECF No. 21. In that order, I warned Petitioner that if she did not meet this deadline, I would issue a show cause order. *Id.*

Petitioner failed to file a response by the February 28, 2020 deadline. On March 27, 2020, I issued a show cause order giving Petitioner a final deadline of April 10, 2020, to file a formal response to Respondent's motion. ECF No. 23 at 2. In that order, I warned Petitioner that if she failed to meet this deadline, I would dismiss her case for failure to prosecute. *Id.*

Petitioner did not file a formal response by the April 10, 2020 deadline, and I have received no additional filings or correspondence from Petitioner to date. I have issued two show case orders and explained to Petitioner on multiple occasions that failure to meet Court deadlines would result in the dismissal of her claim. Despite those warnings, Petitioner has repeatedly failed to file a response to Respondent's motion.

When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss her claim.  Vaccine Rule 21(b)(1); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (table); *see also Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183–85 (Fed. Cir. 1990) (affirming dismissal for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal for failure of a party to respond to discovery requests).

Petitioner's failure to comply with my show cause order indicates a disinterest in responding to Respondent's motion or pursuing her claim.  Therefore, this case must be **dismissed for failure to prosecute. The Clerk shall enter judgment accordingly.**[3]  This decision is also being sent to Petitioner via email to the email address listed in her petition: vsloan01@msn.com.

**IT IS SO ORDERED.**

*Herbrina D. Sanders*
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.